STATE OF TENNESSEE ex rel. PAUL ALLEN, Plaintiff in Error,

*v.*

WILBURN C. JOHNSON, Warden, Tennessee State Penitentiary, Defendant in Error.

394 S.W.2d 652.

(*Nashville,* December Term, 1964.)

Opinion filed September 30, 1965.

PAUL ALLEN, pro se.

GEORGE F. MCCANLESS, Attorney General, EDGAR P. CALHOUN, Assistant Attorney General, for Wilburn C. Johnson, Warden.

MR. JUSTICE DYER delivered the opinion of the Court.

This is a habeas corpus case wherein the trial judge dismissed the petition without a hearing.

The plaintiff in error is now confined in the State Penitentiary, under a judgment of the Circuit Court for Sevier County, serving a sentence of ten years for the crime of assault and battery with intent to carnally know a female under twelve years of age. This judgment, entered 7 February 1964, was under a plea of guilty and plaintiff in error was represented by paid counsel of his own choice.

Prior to the filing of this petition plaintiff in error had filed in this same judicial circuit (Tenth Judicial Circuit) four previous petitions for a writ of habeas corpus challenging the validity of the Sevier County judgment all of which have been properly adjudged. T.C.A. Sec. 23-1807 requires a petition for writ of habeas corpus shall state:

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

In the present petition plaintiff in error has made no statement as to whether this is the first or fifth application for the writ; nor is there a copy of any of the previous petitions attached or reason given for failure to so attach. The failure of the plaintiff in error to follow the requirements of this statute (23-1807) was one of several

reasons given by the trial judge in dismissing this petition.

We have held the provisions of T.C.A. Sec. 23-1807 to be mandatory and the trial judge was correct in dismissing the petition for failure to comply with said section. *Bateman v. Smith,* 183 Tenn. 541, 194 S.W.2d 336; *State ex rel. Kuntz v. Bomar,* 214 Tenn. 500, 381 S.W.2d 290. Under the record before us it appears plaintiff in error, beginning in September 1964, filed a petition for habeas corpus roughly each month for a period of five months. We think this points up the wisdom of the legislature in enacting T.C.A. 23-1807.

Judgment affirmed.