# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON


## JEFFREY E. DUNLAP v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 04-CR-8553    R. Lee Moore, Jr., Judge**

---

**No. W2004-01042-CCA-R3-HC  - Filed September 1, 2004**

---


The Petitioner, Jeffrey E. Dunlap, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ.  joined.

Jeffrey E. Dunlap, pro se.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General, for the appellee, the State of Tennessee.



### MEMORANDUM OPINION


On December 14, 1994, Petitioner was convicted of two counts of aggravated robbery. On February 27, 1995, he was sentenced, as a range III persistent offender,  to a term of thirty years on both counts with both sentences to be served consecutively.  These sentences were further ordered to be served consecutive to prior sentences resulting in an effective sentence of

ninety-four years. On March 26, 2004, Petitioner filed an application for writ of habeas corpus relief, alleging that his convictions are void because the State's Rule 12.3 "Notice of Intent to Seek Increased Sentence" was not filed prior to trial and that the trial court was without the authority and jurisdiction to entertain the notice to enhance the punishment. On April 13, 2004, the trial court dismissed the petition, finding that the Petitioner has failed to provide documentation supporting his claim other than a letter from his attorney and that these claims are not cognizable in a habeas corpus proceeding.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

Petitioner alleges that he is entitled to habeas corpus relief because the State failed to timely file a notice of intent to seek increased sentence. Petitioner alleges that the notice was filed after the trial but prior to sentencing. Petitioner has failed to attach the notice to his petition. A defect in the notice of intent to seek sentence enhancement does not render an enhanced sentence illegal. *See State v. Debro*, 787 S.W.2d 932, 933-934 (Tenn. Crim. App. 1989). Moreover, our supreme court has determined that a failure to file a Rule 12. 3 notice, even until the day of trial, did not render that notice ineffective, unless the defendant can establish prejudice. *See State v. Stephenson*, 752 S.W.2d 80 (Tenn.1988). Here, no such prejudice has been demonstrated.

Finally, the Petitioner has failed to attach copies of the judgments to his petition. "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." *Archer v. State*, 851 S.W.2d at 165 (citing *Bateman v. Smith*, 183 Tenn. 541, 543, 194 S.W.2d 336, 337 (1946)). In view of the Petitioner's failure to comply with the mandatory provisions of Section 29-21-107, summary dismissal of the petition was proper. *State ex rel. Allen v. Johnson*, 394 S.W.2d 652, 653, 217 Tenn. 28 (1965).

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ORDERED that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ALAN E. GLENN, JUDGE