# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## KENDRICK KELLY v. DAVID G. MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5846    Joe H. Walker, Judge**

---

**No. W2004-01106-CCA-R3-HC  - Filed October 8, 2004**

---

The Petitioner, Kendrick Kelly, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to attach the applicable judgment of conviction to his petition, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES AND ALAN E. GLENN, JJ.  joined.

Kendrick Kelly, pro se.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On April 8, 2004, the Petitioner Kendrick Kelly filed a petition for habeas corpus/writ of mandamus in the Circuit Court of Lauderdale County.   In the pleading, Petitioner provided information that he was being confined at West Tennessee State Penitentiary.  He further asserted that on October 27, 1995, he was sentenced to three years for the sale of unlawful controlled

1

substances. For this conviction, he served forty-five days; the remainder to be served on probation. On December 11, 2001, Petitioner was arrested on another drug offense and absconding from justice. Petitioner eventually entered guilty pleas to these 2001 offenses and received an eight year sentence for the drug sale and two years for absconding. While confined by the Department of Correction, Petitioner was provided information indicating that he had an effective sentence of thirteen years confinement; *i.e.*, eight years for the drug offense, two years for absconding, and three years for his 1995 probated offense. Petitioner asserts that he is being illegally confined as his three year probated sentence had expired prior to the commencement of the 2001 charges. Additionally, he alleges that he has been unconstitutionally denied a hearing as to the alleged revocation.

On April 15, 2004, the trial court denied relief for failure of the Petitioner to attach the judgment or record of the proceedings upon which the judgment was rendered. Moreover, the trial court determined that, from the allegations contained in the petition, the Petitioner's sentence had not expired. On April 22, 2004, Petitioner filed a motion to reconsider the trial court's denial. Attached to the motion was the judgment from the Petitioner's 1995 conviction. The record before this Court fails to contain a ruling by the trial court as to this motion.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The Petitioner has failed to establish that he is entitled to habeas corpus relief. Significantly, Petitioner has failed to include in support of his petition copies of the Tennessee judgments he claims are void. Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." *Archer v. State*, 851 S.W.2d at 165 (citing *Bateman v. Smith*, 183 Tenn. 541, 543, 194 S.W.2d 336, 337 (1946)). We agree with the State that the attachment of a photocopy of the judgment form to his motion to reconsider fails to cure the deficiency in the actual petition. In view of the Petitioner's failure to comply with the mandatory provisions of section 29-21-107, Tennessee Code Annotated, summary dismissal of the petition was proper. *State ex rel. Allen v. Johnson*, 217 Tenn. 28, 394 S.W.2d 652, 653 (1965).

Moreover, even assuming that the attachment of the judgment form to the motion to reconsider perfected the procedural requirements of the petition, Petitioner has still failed to establish grounds for which the writ will issue. First, Petitioner has failed to establish that his sentence has expired. Second, Petitioner has failed to establish that his sentences are illegal.

2

Specifically, as to the Petitioner's complaints, the petition and the judgment form attached to the motion to reconsider fail to support the Petitioner's contention that his 1995 probated sentence was revoked in 2001, three years after it expired.  However, from the documents attached to the petition, it appears to this Court that the Petitioner challenges the sentencing calculations of the Department of Correction.  The question of whether the Department of Correction is properly calculating his sentence cannot be raised in a habeas corpus proceeding.  To challenge such calculations, the Petitioner must proceed under the Uniform Administrative Procedures Act in the Chancery Court for Davidson County, Tennessee.

The Petitioner has not established that he is entitled to habeas corpus relief.  He has alleged neither a facially invalid judgment nor an expired sentence.  Accordingly, it is ordered that the State's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

3