IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE


**WILLIAM KIRK RILEY, PRO SE v. STATE OF TENNESSEE**


**Appeal from the Criminal Court for Davidson County**
**No. 3280    Cheryl A. Blackburn, Judge**

-----

**No. M2002-02302-CCA-OT-CO - Filed October 5, 2004**

-----

The Petitioner, William Kirk Riley, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the court, in which, JERRY L. SMITH, J. and, ROBERT W. WEDEMEYER J. joined.

William Kirk Riley, pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer Bledsoe, Assistant Attorney General, for the appellee, State of  Tennessee.

**MEMORANDUM OPINION**

On April 15, 1998, a Hamilton County jury found petitioner guilty of first degree murder, for which he received a life sentence.  On June 7, 2002, the petitioner filed a petition for habeas corpus relief, alleging that the criminal indictment against him is defective and void on its face and that, as a result, he is being unlawfully restrained.  Specifically, petitioner contended that the indictment did not set forth the statutory authority for which he was being indicted, failed to name the twelve grand jurors, failed to adequately set forth the offense for which he was being charged, gave an inadequate description of the crime or elements of the crime for which he was charged, did not state the time, name of the victim or the county in which the crime occurred, was not properly filed by the clerk of the circuit court, and was not concluded by the phrase "against the peace and dignity of the state of

1

Tennessee." The trial court dismissed the petition for failure to state a cognizable claim and failure to attach a copy of the trial court judgment.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated Sections 29-21-101 *et seq.* codify the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Moreover, habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). There is no contention that Petitioner's sentence has expired.

Initially, we note that the petitioner has not complied with the statutory requirements for pursuing a writ of habeas corpus. The petitioner failed to attach a copy of his underlying judgment or to address his failure to do so, as required by Tenn. Code Ann. § 29-21-107(2). "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d at 165 (citing Bateman v. Smith, 194 S.W.2d 336, 337 (Tenn. 1946)). In view of the petitioner's failure to comply with the mandatory statutory provisions for seeking habeas corpus relief, the court concludes that summary dismissal of the petition was proper. State ex rel. Allen v. Johnson, 394 S.W.2d 652, 653 (Tenn. 1965); State ex rel. Wood v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965). Notwithstanding the fact that the court could end its analysis at this point, the court will address the merits of the petitioner's claims.

Petitioner has alleged that his conviction for first degree murder is fatally defective, causing the trial court to be without subject matter jurisdiction to convict him. The indictment in the appellate record reads as follows:

THE GRAND JURORS for the State aforesaid, being duly summoned, elected, impaneled, sworn and charged to inquire for the body of the County Aforesaid, upon their oaths present:

That William/Kirk/Riley heretofore on the 13th day of September 1986, in the County aforesaid, did unlawfully, feloniously, willfully, deliberately, maliciously, premeditatedly and of malice aforethought assault, kill and murder Douglas Gass, against the peace and dignity of the State.

Our state Supreme Court has held that an indictment is valid for constitutional purposes if it "provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Moreover, the form of an indictment must meet the statutory requirements set forth in Tenn. Code Ann. Sec. 40-13-202, which provides:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are such words as "force and arms" or "contrary to the form of the statute necessary."

In reviewing the indictment in this case, it meets both the constitutional and statutory requirements. The indictment sets forth the accusation to which an answer was required, and it does so in ordinary and concise language, without prolixity or repetition, so that a person of common understanding knows what is intended. Therefore, petitioner's arguments that the indictment failed to adequately set forth or describe the crime for which he was charged must fail. As for petitioner's remaining claims, a review of the indictment shows that it was in fact filed by the clerk of the court; stated the date, county, and name of the victim; concluded with the phrase "against the peace and dignity of the state of Tennessee; and was signed by the grand jury foreman. Moreover, petitioner's remaining claims relate to procedural, rather than substantive, safeguards, and an objection to these types of defects must be made pre-trial, and not in a collateral, post-trial habeas corpus petition. See Tenn. R. Crim. P. 12(b)(2); Marvin Anthony Matthews v. State, No. W2003-00106-CCA-R3-CO, 2003 WL 23100812, *2 (Tenn. Crim. App., Jackson, Dec. 31, 2003); Nelson B. Graves v. Howard Carlton, Warden, No. 03C01-9705-CR-00171, 1998 WL 133840, *2 (Tenn. Crim. App., Knoxville, Mar. 25, 1998), perm. app. denied, (Tenn. 1998). Petitioner's claims as to the defectiveness of the indictment are without merit.

Petitioner has failed to present any evidence that his sentence has expired or that his conviction for first degree murder is void. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____

DAVID H. WELLES, JUDGE


3