# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## JAMES K. ROBBINS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Morgan County**
**No. 8816    E. Eugene Eblen, Judge**

---

**No. E2003-00868-CCA-R3-PC**
**March 1, 2004**

---

The Petitioner, James K. Robbins, appeals the trial court's dismissal of his petition for writ of habeas corpus. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner has not established that the challenged judgment is void or that his sentence has expired. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J.J. joined.

Walter B. Johnson, II, for the appellant, James K. Robbins.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; Roger Delp, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner was convicted by a Scott County jury of four counts of aggravated rape and one count of aggravated assault. He was sentenced to serve an effective term of forty years in prison. On June 28, 2001, the petitioner filed a pro se petition for writ of habeas corpus in the Circuit Court for Morgan County. He alleged that the judgments were void because no sentencing hearing was held and because the trial court was without authority to sentence him as a Range II, especially aggravated offender. The trial court summarily dismissed the petition. The petitioner timely appealed.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W. 2d 855, 857 (Tenn.Crim.App. 1998); Tenn. Code Ann. §29-21-101. The purpose of a habeas corpus petition is

to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W. 2d 186, 189 (1968)). Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer, 851 S.W. 2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W. 2d 290, 291-92 (1964). A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. Tenn. Code Ann. § 29-21-109.

Upon due consideration, the court concludes that the trial court properly dismissed the petition. Pursuant to Tennessee Code Annotated Section 29-21-107, a petition for habeas corpus relief shall state "[t]hat it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." The petitioner asserts that this is the first application for writ of habeas corpus that he has filed. In fact, it appears that this is the petitioner's third application for habeas corpus relief, all based on the same sentences and convictions. See James K. Robbins v. State, No. 03C01-9703-00108, Bledsoe County (Tenn. Crim. App. May 20, 1998); James K. Robbins v. State, No. 03C01-9903-CR-00095, Morgan County (Tenn. Crim. App. Oct. 5, 1999).[1] The petitioner has failed to attach copies of his previously filed petitions and judgments thereon or to address his failure to do so. "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W. 2d at 165 (citing Bateman v. Smith, 183 Tenn. 541, 543, 194 S.W.2d 336, 337 (1946)). In view of the petitioner's failure to comply with the mandatory provisions of Section 29-21-107, summary dismissal of the petition was proper. State ex rel. Allen v. Johnson, 394 S.W. 2d 652, 653, 217 Tenn. 28 (1965).

Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1] We note that in addition to seeking habeas corpus relief, the petitioner has also previously filed for post-conviction relief. See James K. Robbins v. State, No. 03A01-9012-CR-00064, Scott County (Tenn. Crim. App. June 19, 1991), app. denied (Tenn. Nov. 12, 1991).