# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## BRYAN PEARSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 77694, 38234    Mary Beth Leibowitz, Judge**

---

**No. E2003-02597-CCA-R3-CD - Filed July 16, 2004**

---

The petitioner, Bryan Pearson, appeals the trial court's dismissal of his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Tenn. Ct. Crim. App. R.  The petitioner has not established that the challenged judgment is void or that his sentence has expired.  Accordingly, the motion for summary affirmance is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

GARY R. WADE, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, J.J.,  joined.

Bryan Pearson, Pikeville, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner was convicted pursuant to a guilty plea of second degree murder and was sentenced in August 1993 to a term of twenty-five years in prison.  No direct appeal was apparently taken.  On June 30, 2003, the petitioner filed a pro se petition for writ of habeas corpus in the Criminal Court for Knox County.  The petitioner alleged that his conviction judgment was void, that his sentence had expired and that his guilty plea was not knowingly and voluntarily given.  The trial court summarily dismissed the petition.  The petitioner timely appealed.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W. 2d 855, 857 (Tenn.Crim.App. 1998); Tenn. Code Ann. §29-21-101.  The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn.

1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W. 2d 186, 189 (1968)). Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer, 851 S.W. 2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W. 2d 290, 291-92 (1964). A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. See Tenn. Code Ann. § 29-21-109.

The petitioner has not complied with the statutory requirements for pursuing a writ of habeas corpus. First, the petitioner has provided no reason for filing his petition in Knox County rather than in Bledsoe County, in the court located closest in point of distance to him as required. See Tenn. Code Ann. § 29-21-105. Further, pursuant to Tennessee Code Annotated Section 29-21-107, a petition for habeas corpus relief shall state "[t]hat it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." The petitioner asserts that this is his first application for writ of habeas corpus. In fact, it appears that the petitioner previously sought habeas corpus relief in the Circuit Court of Bledsoe County from the same judgment. That court summarily dismissed his petition in which the petitioner had also asserted that his conviction was void because he did not waive his rights knowingly, voluntarily, or intelligently. This court affirmed the judgment on appeal, concluding that the petition did not state a cognizable claim for habeas corpus relief. Returning to the instant case, the petitioner has failed to attach a copy of his previously filed petition and judgment or to address his failure to do so. "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W. 2d at 165 (citing Bateman v. Smith, 183 Tenn. 541, 543, 194 S.W.2d 336, 337 (1946)). In view of the petitioner's failure to comply with the mandatory statutory provisions for seeking habeas corpus relief, the court concludes that summary dismissal of the petition was proper. State ex rel. Allen v. Johnson, 394 S.W. 2d 652, 653, 217 Tenn. 28 (1965).

Even considering the petition on its merits, however, the trial court properly denied relief. As this court concluded in rejecting the petitioner's previous appeal from the denial of habeas corpus relief, the petitioner's claim of an unknowing and involuntary guilty plea is not cognizable in a habeas corpus action because, even if true, the judgment would not be thereby rendered void, but merely voidable. See Bryan Pearson v. State, No. E2002-02817-CCA-R3-PC (Tenn. Crim. App. at Knoxville, May 12, 2003). Neither has the petitioner established that the trial court erroneously sentenced him under the wrong statute upon his conviction for second degree murder, a Class A felony. See Tenn. Code Ann. §39-13-210. The record reflects that the conviction offense occurred in March 1989 and the petitioner was sentenced in August 1993. Pursuant to Tennessee Code Annotated Section 40-35-117(b) of the Tennessee Criminal Sentencing Reform Act of 1989, "any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982 and November 1, 1989, shall be sentenced under the provisions of this chapter." The petitioner's sentence to twenty-five years imprisonment is within the statutory range of fifteen to twenty-five

years for a Class A felony as provided by Section 40-35-112(a)(1).  The petitioner has established neither a void judgment nor an expired sentence.

Accordingly, the state's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

 

_____
GARY R. WADE, PRESIDING JUDGE