IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 21, 2004

## JAMES W. TAYLOR aka LUTFI S. TALAL v. WAYNE BRANDON, WARDEN

**Direct Appeal from the Circuit Court for Hickman County**
**No. 03-5057-C    Russ Heldman, Judge**

**No. M2003-02235-CCA-R3-HC - Filed December 14, 2004**

The Petitioner, James W. Taylor (aka Lutfi S. Talal), filed a petition for writ of habeas corpus seeking relief from an allegedly void judgment, which the trial court dismissed. The Petitioner now appeals contending that the trial court erred when it dismissed his petition because: (1) his presentments were fatally defective which deprived the trial court of proper jurisdiction; (2) the trial judge violated his constitutional rights; (3) the trial court erred when it ordered that the Petitioner's sentences run consecutively; (4) the trial court erred when it found that the Petitioner was a Range II offender; (5) the trial court erred when it approved an illegal judgment of conviction; and (6) the habeas corpus court erred when it denied the Petitioner a right to respond to the State. Finding no error in the judgment of the trial court, we affirm the trial court's dismissal of the Petitioner's petition for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., and JOE G. RILEY, SP. J., joined.

James William Taylor aka Lutfi S. Talal, pro se, for the appellant.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Ronald L. Davis, District Attorney General; J. Michael Fahey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

In 1988, a Williamson County jury convicted the Petitioner, James W. Taylor, of felony murder, robbery and second degree burglary, and the trial court sentenced the Petitioner to life in prison for the murder conviction, fifteen years for the burglary conviction, and fifteen years for the robbery conviction. The Petitioner appealed his conviction to this Court on numerous grounds, and this Court affirmed the Petitioner's conviction. State v. James Taylor, 1990 WL 50751 (Tenn. Crim.

App., at Nashville, Apr. 25, 1990), *perm. app. denied* (Tenn. Oct. 8, 1990).

In 1991, the Petitioner filed a pro se petition for post-conviction relief in the trial court, and the trial court appointed counsel, and counsel amended the Petitioner's petition for post-conviction relief. After a hearing on the issues raised by the petition, the post-conviction court filed a memorandum opinion denying relief. The Petitioner appealed to this Court, and we affirmed the post-conviction court's judgment. James William Taylor v. State, No. 01C01-9809-CC-00384, 2000 WL 641148 (Tenn. Crim. App., at Nashville, May 19, 2000), *perm. app. denied* (Tenn. Sept. 25, 2000).

The Petitioner filed his first pro se petition for writ of habeas corpus in the Circuit Court for Lauderdale County. On August 26, 2002, the trial court dismissed his petition for writ of habeas corpus, holding:

> Petitioner did not attach a copy of the judgment causing the restraint or a copy of the record of the proceedings, per T.C.A. 29-21-107, and the petition is subject to summary dismissal. State ex rel. Wood v. Johnson, 393 S.W.2d 135. . . .

> From a review of the petition, memo and the opinions the Court finds that petitioner is not entitled to relief even if a copy of the judgment order had been attached.

> The trial court had jurisdiction, and the petitioner's sentence has not expired. . . . No grounds are alleged in the petition which would otherwise entitle[] petitioner to a hearing. The petitioner complains of the trial procedure which this Court can not consider, he had a full post conviction hearing, this court can not consider the jury instructions under this petition, the indictment is not defective, and the conviction is not voidable under this petition.

> In addition, it appears that the petitioner may have already raised these issues in Federal Court, Middle District No. 3:01-0487.

> If the petition is treated as one for post-conviction relief, this court has no jurisdiction. T.C.A. 40-30-204 and 202.

> It is therefore ORDERED that the petition is dismissed.

On July 22, 2003, the Petitioner filed a second pro se petition for habeas corpus relief in Hickman County. The State filed a motion to dismiss the petition asserting that the Petitioner failed to state a colorable claim. The trial court agreed, and, on August 26, 2003, it granted the State's motion to dismiss the petition. It is from this order of the trial court that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the trial court erred when it dismissed his petition because: (1) his presentments were fatally defective which deprived the trial court of proper jurisdiction; (2) the trial judge violated his constitutional rights; (3) the trial court erred when it ordered that the Petitioner's sentences run consecutively; (4) the trial court erred when it found that the Petitioner was a Range II offender; (5) the trial court erred when it approved an illegal judgment of conviction; and (6) the habeas corpus court erred when it denied the Petitioner a right to respond to the State.

Article I, section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his or her] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101 (2000). The grounds upon which habeas corpus relief will be granted are very narrow. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . . A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). Thus, a writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62.

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella, 891 S.W.2d at 627; Rodney Buford v. State, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), perm. app. denied (Jan. 16, 2001). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

Initially, the Court notes that the Petitioner in the case under submission has not attached to his petition a copy of the judgment by which he is being restrained. See Tenn. Code Ann. § 29-21-107(b)(2). The Petitioner asserts that "the Williamson County Circuit Court Clark, [sic] and the Turney Center Industrial State Prison has advise [sic] him that there is no judgment of conviction

-3-

as to count three [3] case number 188-108 [Felony Murder]." However, there is no proof in the record to support this claim. Further, the Court is confident that the Court would have noted a missing judgment in the Petitioner's two previous appeals. As previously stated, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed, Archer, 851 S.W.2d at 165, and the failure to comply with statutory requirements for relief provides a proper basis for dismissal of the petition, State ex rel. Allen v. Johnson, 394 S.W.2d 652, 653 (Tenn. 1965).

Moreover, all of the Petitioner's claims are either waived by his failure to properly prepare the record on appeal and to properly cite to the record, or they lack merit. The Petitioner claims that the indictments against him were fatally defective, but he fails to include those indictments in the record on appeal. The petitioner carries the burden of ensuring that the record on appeal conveys a fair, accurate, and complete account of what has transpired with respect to those issues that are the bases of appeal. Tenn. R. App. P. 24(b); see also Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997). The failure to do so results in a waiver of such issues. Id. Furthermore, the Petitioner fails to make any citations in his brief to the record to support his contentions. See Tenn. Ct. Crim. App. R. 10(b) (stating "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). Similarly, the Petitioner has precluded our review of his next argument, that the trial court infringed upon his constitutional rights by improperly instructing the jury, by failing to include the transcript of the jury instruction in the appellate record and by failing to make any citations to the record to support his argument.

The Petitioner is next heard to complain that the trial court entered an illegal judgment of conviction against him. However, that judgment of conviction is not included in the appellate record and we are, therefore, unable to review this claim. The Petitioner next asserts that he is entitled to habeas corpus relief because the trial court improperly sentenced him as a Range II offender to consecutive sentences. This allegation, even if proven, merely renders the judgments voidable, not void. Finally, the Petitioner claims that he was improperly precluded from responding to the "State's response," which infringed upon his Due Process rights. From our review of the record, however, it appears that the Petitioner filed his petition, the State responded with a motion to dismiss, and the trial court granted the State's motion. We fail to see in this procedure any violation of the Petitioner's Due Process rights. This issue is without merit.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we conclude the Petitioner is not entitled to a writ of habeas corpus. Accordingly, we AFFIRM the trial court's judgment dismissing his habeas corpus petition.

_____
ROBERT W. WEDEMEYER, JUDGE