IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 25, 2005

**THOMAS M. TUCKER v. FLORA J. HOLLAND, WARDEN**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3439    J. Randall Wyatt, Jr., Judge**

---

**No. M2003-02837-CCA-R3-HC - Filed February 22, 2005**

---

The Petitioner, Thomas M. Tucker, filed a petition for writ of habeas corpus seeking relief from an allegedly void judgment, which the trial court dismissed without a hearing. On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition. Finding no error in the judgment of the habeas corpus court, we affirm its dismissal of the Petitioner's petition for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Thomas M. Tucker, Nashville, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

The Petitioner pled guilty to vehicular homicide by intoxication, a Class B felony. The trial court sentenced the Petitioner to ten years and six months in prison, and it ordered him to pay $11,000 in restitution. The Petitioner filed a petition for writ of habeas corpus, asserting that: (1) his sentence exceeded the statutory limit of the sentencing court because his sentence of incarceration was accompanied by an order to pay restitution; and (2) his sentence of ten years and six months was beyond the sentencing court's authority. The habeas corpus court summarily dismissed the petition, and in its order stated:

The Petitioner brings this action alleging that the convicting court exceeded its authority when it sentenced him to the T.D.O.C. (Tennessee Department of Corrections) in addition to ordering that he pay restitution. The Petitioner also

alleges that his sentence of 10 years 6 months exceeds the statutory limit for the offenses he was convicted of, and that he should have received the minimum sentence in the range to which he pled.

. . . . The Court does not find from the face of the judgment that the Petitioner's sentence has expired, or that the convicting court was without jurisdiction or authority to sentence the Petitioner. The Court is of the opinion that the sentence the Petitioner received is within the range allowed by statute for the offenses he committed, and is not illegal simply because it is longer than the minimum sentence that the convicting court could have ordered.

The Petitioner cites authority in his memorandum which suggests that restitution may not be ordered in addition to a sentence with the T.D.O.C., under some scenarios. The Court, however, points out that on July 1, 1996, the legislature amended Tenn. Code Ann. § 40-35-104(c)(2) to include the following sentencing alternative: "Payment of restitution to the victim or victims either alone or in addition to any other sentence authorized by this subsection." The Court, therefore, finds that the Petitioner's sentence is not void or illegal simply because the Court ordered restitution and confinement with the T.D.O.C.

The Petitioner appeals this judgment of the habeas corpus court.

## II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition because: (1) the trial court imposed an illegal sentence upon him; (2) the trial court erred when it sentenced him above the minimum sentence range; and (3) the trial court improperly ordered him to pay restitution. Specifically, the Petitioner asserts that the sentence of ten years and six months is "a[n] indeterminate sentence" and violates Tennessee Code Annotated section 40-35-211(1).

Article I, section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his or her] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101 (2000). The grounds upon which habeas corpus relief will be granted are very narrow. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . . A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161

(Tenn. 1993)).  Thus, a writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the sentence of imprisonment or other restraint has expired.  Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62.

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired.  Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).  Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed.  Archer, 851 S.W.2d at 165.  It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void.  Passarella, 891 S.W.2d at 627; Rodney Buford v. State, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), perm. app. denied (Tenn. Jan. 16, 2001).  Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness.  Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

The Petitioner's first contention is that the trial court sentenced him to an illegal sentence. The Petitioner asserts that it was illegal for the sentencing court to sentence him to both restitution and incarceration and that his sentence was "indeterminate."  The Petitioner failed to attach a copy of his judgment of conviction to his habeas corpus petition.  "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously."  Archer v. State, 851 S.W.2d at 165 (citing Bateman v. Smith, 183 Tenn. 541, 194 S.W.2d 336, 337 (1946)). In view of the Petitioner's failure to comply with the mandatory provisions of section 29-21-107, summary dismissal of the petition was proper.  State ex rel. Allen v. Johnson, 217 Tenn. 28, 394 S.W.2d 652, 653 (1965).  Furthermore, the Petitioner pled guilty to, and was sentenced for, vehicular homicide by intoxication, which is a Class B felony.  Tenn. Code Ann. § 39-13-213(a)(2)(B) (2003). The sentencing range for a Range I offender convicted of a Class B felony is not less than eight years or more than twelve years.  Tenn. Code Ann. § 40-35-112(a)(2) (2003).  Thus, a sentence of ten years and six months is within the range allowed by law.  Additionally, Tennessee Code Annotated section 40-35-105(c)(2) (2003), allows the sentencing court to order the payment of restitution to the victim in addition to any other authorized sentence.  Therefore, the Petitioner is not entitled to relief based upon an illegal sentence.

The Petitioner's second contention is that the trial court erred when it sentenced him to a sentence above the minimum sentence range.  The challenges to the Petitioner's sentence "are not grounds cognizable in a habeas corpus proceeding."  James Oliver Ross v. State, No. W2003-00843-CCA-R3-HC, 2003 WL 23100816, at *2 (Tenn. Crim. App., at Jackson, Dec. 31, 2003), no perm. app. filed (citing Alonzo Stewart v. State, No. 03C01-9810-CR-00380, 1999 WL 521195, at *1 (Tenn. Crim. App., at Jackson, July 23, 1999), perm. app. denied (Tenn. Nov. 9, 1999)).  Further, the allegation that the sentencing court improperly enhanced the Petitioner's sentence would render the judgments voidable, not void.  Eddie Williams, Jr. v. David Mills, No. W2003-02353-CCA-R3-HC, 2004 WL 221297, at *2 (Tenn. Crim. App., at Jackson, Jan. 30, 2004), no perm. app. filed.

Additionally, because neither the judgments of conviction nor the sentencing transcript are included in the record, we have no way of discerning what enhancement factors the sentencing court relied upon when it enhanced the Petitioner's sentence. Therefore, we conclude that the Petitioner is not entitled to relief on this issue.

Finally, the Petitioner contends that the trial court improperly ordered him to pay restitution. Again, this is not a proper issue to raise in a habeas corpus proceeding. A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62. The Petitioner is not entitled to relief on this issue.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we conclude the Petitioner is not entitled to a writ of habeas corpus. Accordingly, we affirm the habeas corpus court's judgment dismissing his habeas corpus petition.

_____

ROBERT W. WEDEMEYER, JUDGE