# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### MICHAEL W. SMITH v. DELPHUS HICKS, SHERIFF

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 6139    J. Weber McCraw, Judge**

---

**No. W2007-00320-CCA-R3-HC  - Filed November 21, 2007**

---

The Petitioner, Michael W. Smith, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Michael W. Smith, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Lacy Elaine Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

It appears from the sparse record before this Court that, on December 6, 2006, the Petitioner, Michael W. Smith, was arrested for violation of probation in case number 6139.  The Petitioner subsequently sought the issuance of a writ of habeas corpus on the basis that "the petitioner is not and has never been on probation as to this cause," and that "the petitioner received 'time served' from the Honorable Jon Kerry Blackwood, Judge, in open court in October 2001 per D.A. Office's request."  The Petitioner concluded that "the Hardeman County Circuit Court has no jurisdiction

1

over the petitioner as said sentence has long since expired, and this county has no criminal charges pending against the petitioner. . . ." By order entered January 30, 2007, the trial court summarily dismissed the petition, concluding that "[t]he petition has not been properly sworn to under oath, the judgment is not attached to the petition, and the petition does not demonstrate a claim subject to relief by such a writ." The Petitioner timely filed a notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law. *McLaney v. Bell,* 59 S.W.3d 90, 92 (Tenn. 2001), *overruled in part by, Summers v. State,* 212 S.W.3d 251 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn.1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn.2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman v. State,* 153 S.W.3d 19-20 (Tenn. 2004). The formal requirements for an application for habeas corpus relief are codified at 29-21-107, Tennessee Code Annotated, and a trial court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements. . . ." *Hickman,* 153 S.W.3d at 21. Our supreme court, in *Archer v. State,* 851 S.W.2d 157, 165 (Tenn.1993), stated: "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Commending the wisdom of the legislature, our supreme court in *State ex rel. Allen v. Johnson,* 394 S.W.2d 652, 653 (Tenn.1965), concluded that failure of the petitioner to provide copies of previous petitions and proceedings or satisfactory reasons for failure to do so was proper grounds for a trial court to dismiss a petition. Most recently, in *Summers v. State,* 212 S.W .3d at 260, our supreme court restated, "[a] trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *See Johnson,* 394 S.W.2d at 653. We conclude that summary dismissal was proper. In the present case, the Petitioner failed to adhere to the mandatory requirements for habeas corpus petitions. Specifically, the Petitioner failed to include copies of the judgments of

conviction under which he claims he is illegally detained.[1]  *See* T.C.A. § 29-21-107(b)(2). This reason alone provides adequate justification for the trial court's summary dismissal of the petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20 . Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE

---

[1] We conclude that the Petitioner's assertions that he was unable to provide an attachment of the judgment sheet as "he obviously did not have a copy at the time of arrest, and as he has been denied one by respondent" are insufficient to provide a satisfactory reason for its absence.