IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 4, 2018

## ERCIL K. RAYFORD v. TENNESSEE BOARD OF PAROLE, ET AL.

**Appeal from the Circuit Court for Hardeman County**
**No. 18-CR-56      Joe H. Walker, III, Judge**

_____

**No. W2018-00863-CCA-R3-HC**

_____

In 1992, the Petitioner, Ercil K. Rayford, pleaded guilty to especially aggravated robbery and aggravated robbery for an effective sentence of thirty years. On April 23, 2018, the Petitioner filed a pro se writ of habeas corpus, alleging that his sentence had expired on July 12, 1999. The habeas corpus court denied the petition because the record failed to establish that the Petitioner's sentence had expired. On appeal, the Petitioner maintains that his sentence has expired. After review, we affirm the habeas corpus court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR. and ROBERT L. HOLLOWAY, JR., JJ., joined.

Ercil K. Rayford, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; and Mark E. Davidson, District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 1992, the Petitioner pleaded guilty to especially aggravated robbery and received a twenty-year sentence. He also pleaded guilty to aggravated robbery in another case and received a ten-year sentence. The two sentences were to run consecutive to each other for an effective sentence of thirty years. The Petitioner did not appeal these sentences or seek post-conviction relief. On April 23, 2018, the Petitioner, pro se, filed a petition for writ of habeas corpus, alleging that his sentence had expired on July 12, 1999. On April 30, 2018, the habeas corpus court entered an order denying the petition because

the petition did not comply with the statutory requirement that a copy of the judgment of conviction be included.

On May 11, 2018, the Petitioner filed a motion to reconsider and included a copy of the plea petition documents for the especially aggravated robbery and aggravated robbery convictions. On May 23, 2018, the habeas corpus court issued the following order:

> The Petitioner filed for a writ of habeas corpus which was denied by prior order.
>
> On May 11, 2018, petitioner filed a motion to reconsider technical documents.
>
> One reason for denial was failure to attach judgment forms. Attached to the motion to reconsider was a "Petition for waiver of trial by jury and request for acceptance of plea of guilty" for Ericl [sic] Gates where he agreed to a sentence of 10 years in 1992, consecutive to RD 92-07649, and concurrent to 8 other sentences. Again, he did not attach a copy of the judgment forms; and the paperwork on the original petition indicated his sentences have not expired.
>
> After reconsideration, based on the new petition and document, the writ is dismissed.

It is from this judgment that the Petitioner appeals.

## II. Analysis

The Petitioner maintains on appeal that his thirty-year effective sentence expired on June 12, 1999, and, thus, the habeas corpus court improperly dismissed the petition. The State responds that, because the Petitioner failed to include a copy of the judgments, the habeas corpus court properly dismissed the petition. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21

S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The Petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer*, 851 S.W.2d at 165. The formal requirements for a petition for a writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court may dismiss a petition for habeas corpus relief that fails to comply with these procedural requirements. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004).

It is also permissible for a habeas corpus court to summarily dismiss a petition for habeas corpus relief without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superseded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar.11, 1998); *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

The habeas corpus court relied on the lack of judgments for dismissing the petition. The Petitioner failed to attach to his petition for habeas corpus relief a copy of the judgments of conviction leading to his restraint or provide a satisfactory reason for their absence. *See* T.C.A. § 29-21-107(b)(2). The Petitioner filed a motion to reconsider but again failed to attach the judgments. As previously stated, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed, *Archer*, 851 S.W.2d at 165, and the failure to comply with statutory requirements for relief provides a proper basis for dismissal of the petition, *State ex rel. Allen v. Johnson*, 394 S.W.2d 652, 653 (Tenn. 1965). Although the Petitioner attached a copy of the aggravated robbery judgment as an appendix to his brief, the judgment was not presented to the trial court, was not included in the appellate record, and is not properly before this court for consideration. *See* Tenn. R. App. P. 28(a). Accordingly, the Petitioner is not entitled to relief.

### III. Conclusion

After a review of the record and relevant authorities, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

- 4 -