# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 14, 2004

## PRESTON U. PENDERGRASS v. KEVIN MYERS, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13318     Jim T. Hamilton, Judge**

---

**No. M2004-00463-CCA-R3-HC - Filed March 1, 2005**

---

The petitioner, Preston U. Pendergrass, appeals the summary dismissal of his petition for writ of habeas corpus, arguing that the indictment, which charged him with two counts of attempted first degree murder, failed to state the facts constituting an offense, thereby depriving the convicting court of jurisdiction and rendering his judgments void. The petitioner further argues that the court erred by not appointing appellate counsel as requested. Following our review, we affirm the judgment of the trial court dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Preston U. Pendergrass, South Central Correctional Center, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; and Richard H. Dunavant, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

On December 11, 2003, the petitioner filed a *pro se* petition for writ of habeas corpus, alleging that he "is being deprived of his freedom for invalid and illegal reasons" and is "being held involuntarily" at the South Central Correctional Center in Clifton, Tennessee, because the "State failed to follow statutory guidelines in obtaining indictments in his cause" and the "indictment fails to state an offense." The State filed a "Motion to Dismiss" on January 15, 2004, and the trial court summarily dismissed the petition on January 26, 2004. On February 14, 2004, the petitioner filed a "Notice of Appeal" and a "Motion to Appoint Counsel for Appeal" in the Wayne County Circuit Court, and on March 16, 2004, he filed a "Motion for Permission to Proceed in Forma Pauperis" and a "Motion for the Appointment of Counsel" in this court. By order of this court filed April 6, 2004,

we remanded the latter two motions to the trial court for consideration. On April 12, 2004, the trial court entered an "Order Allowing Filing on Pauper's Oath" finding the petitioner indigent, and on May 28, 2004, the trial court denied the appointment of counsel.

## ANALYSIS

The petitioner raises two issues on appeal: (1) whether the indictment was void because it failed to allege sufficient facts; and (2) whether the trial court erred by not appointing appellate counsel. Because the determination of whether habeas corpus relief should be granted is a question of law, our review is *de novo* with no presumption of correctness given to the trial court's findings. See McLaney v. Bell, 59 S.W.3d 90, 93 (Tenn. 2001); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

The remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Id. at 164 (citation omitted). Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, see Tenn. R. Crim. P. 12(b)(2); Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for *habeas corpus* when the indictment is so defective as to deprive the court of jurisdiction," Dykes, 978 S.W.2d at 529.

The petitioner's essential argument is that the indictment in this case was fatally defective, thereby robbing the convicting court of subject matter jurisdiction and rendering his convictions void, because although the indictment alleged attempted first degree murder, it did not state "how the Petitioner alleged [sic] attempted to kill [the victim]" and "[did] not tell what he did it with." The State argues that the indictment met all constitutional and statutory requirements of providing notice to the accused. We agree with the State.

Initially, we note that the petitioner has failed to attach copies of the judgments to his petition.[1] "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer, 851 S.W.2d at 165 (citing Bateman v. Smith, 183 Tenn. 541, 543, 194 S.W.2d 336, 337 (1946)). In view of the petitioner's failure to comply with the mandatory provisions of Tennessee Code Annotated section 29-21-107(b)(2) (2003), summary dismissal of the petition was proper. State ex rel. Allen v. Johnson, 217 Tenn. 28, 394 S.W.2d 652, 653 (1965). Nonetheless, because the petitioner attached copies of the indictment to his petition, and in the interest of judicial economy, we will address the merits of the petitioner's appeal.

An indictment must inform the accused of "the nature and cause of the accusation." U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In addition, Tennessee Code Annotated section 40-13-202 requires that an indictment:

> state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment[.]

An indictment that achieves its "overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements." State v. Hammonds, 30 S.W.3d 294, 300 (Tenn. 2000). Our supreme court has held that an indictment is sufficient to satisfy notice requirements if it "contains allegations that (1) enable the accused to know the accusation to which answer is required; (2) furnish the trial court an adequate basis for entry of a proper judgment; and (3) protect the accused from a subsequent prosecution for the same offense." Id. at 299 (citing State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997)).

The indictment here clearly satisfied the overriding purpose of providing notice to the petitioner of the offenses with which he was charged. Count one specifically charged that the petitioner:

> on the 14th day of October, 1995, in Davidson County, Tennessee and before the finding of this indictment, did attempt to intentionally and with premeditation kill Robert Louis Meadows, in violation of Tennessee Code Annotated § 39-12-101, and against the peace and dignity of the State of Tennessee.

---

[1] In fact, we have no record before us of any proceedings other than the habeas corpus proceedings. In his appellate brief, the petitioner states that he was "charged with attempted first-degree murder he entered a plead [sic] of NOT GUILTY and proceeded to trial, at which he was ultimately convicted." In addition, the petitioner states that he "appealed his sentence, which was affirmed." However, we can find no record of the petitioner ever being before our court in this matter prior to this habeas corpus proceeding. We note that a Preston Pendergrass was before our court in 1987 on a conviction for armed robbery, and we affirmed the sentences imposed by the trial court. See State v. Faddie Billingsley, Jr. and Preston Pendergrass, No. 956, 1987 WL 6382 (Tenn. Crim. App. Feb. 11, 1987), perm. to appeal denied (Tenn. May 11, 1987).

Count three of the indictment charged that the petitioner:

> on the 14th day of October, 1995, in Davidson County, Tennessee and before the finding of this indictment, did attempt to intentionally and with premeditation kill Marshall Stanton, in violation of Tennessee Code Annotated § 39-12-101, and against the peace and dignity of the State of Tennessee.

As best we can tell, the petitioner argues essentially that the indictment was defective because it failed to set forth certain facts such as how he attempted to commit first degree murder and what type of weapon he may have used.

In Wyatt v. State, 24 S.W.3d 319 (Tenn. 2000), a habeas corpus appeal, our supreme court addressed a similar argument, that the indictment in that case "failed to allege an overt act." Id. at 323. Except for grammatical structure, the indictment in Wyatt was remarkably similar to the indictment in the present case:

> that WILLIAM TERRY WYATT on the 7th day of March, 1994, in Cumberland County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally, deliberately[2] and with premeditation attempt to kill [the victim] in violation of T.C.A. 39-12-101 . . . .

Id. at 324. The supreme court concluded that the indictment in Wyatt "satisfie[d] the[] minimum requirements" of the United States and Tennessee Constitutions, as well as the statutory scheme established by the legislature. Id. Although the court acknowledged that "did . . . attempt to kill" is a "general description," it concluded that "this language alleges an act as required by the criminal attempt statute and was sufficient to notify Wyatt of the accused crime, to confer jurisdiction upon the trial court, and to protect against double jeopardy."[3] Id. at 324-25 (citing Hill, 954 S.W.2d at 727). Finally, as we stated in State v. Griffis, 964 S.W.2d 577, 591 (Tenn. Crim. App. 1997), "it is not necessary to amplify and encumber the charge by circumstantial detail and minute description."

As an additional matter, the petitioner asserts the trial court erred by not appointing appellate counsel pursuant to Rule 13, section 1(d)(1) of the Tennessee Supreme Court Rules, which states in pertinent part as follows:

---

[2] Tennessee Code Annotated section 39-13-202, our first degree murder statute, was amended, effective July 1, 1995, to omit the element of "deliberation" from the statute.

[3] Although the court in Wyatt "encouraged" the State to "charge the crime of attempt in such a way that informs the defendant of the precise act or acts against which he is being called upon to defend," and urged defendants to move for a bill of particulars pursuant to Tenn. R. Crim. P. 7(c) when the State failed to do so, such matters are best "resolved by the trial courts, who are best qualified to make these determinations on a case-by-case basis." 24 S.W.3d at 325.

In the following cases . . . the court . . . shall advise any party without counsel of the right to be represented throughout the case by counsel and that counsel will be appointed if the party is indigent and requests appointment of counsel.

. . . .

(C) Proceedings initiated by a petition for habeas corpus, early release from incarceration, suspended sentence, or probation revocation[.]

Tenn. Sup. Ct. R. 13, § 1(d)(1)(C).

We have previously dealt with a similar claim by a petitioner in a habeas corpus appeal and found it to be meritless:

The petitioner primarily contends he, due [to] his status as an indigent, was, and continues to be, entitled to appointment of counsel. There is no federal or state constitutional right to assistance of appointed counsel in a habeas corpus proceeding. See Coleman v. Thompson, 501 U.S. 722, 755, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256, 260 (1965). However, a trial court has a statutory duty to appoint counsel, but only "if necessary." Tenn. Code Ann. § 40-14-204. Although Rule 13, section 1(d)(4) of the Rules of the Supreme Court of Tennessee provides for the appointment of counsel in habeas corpus proceedings, we do not interpret the rule as requiring the appointment of counsel simply because a petition is filed. A habeas corpus petition may be dismissed without a hearing, and without appointment of counsel, unless it alleges facts that would justify relief. State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635, 636-37 (1967); William A. Ransom v. Kevin Meyers, Warden, and State of Tennessee, C.C.A. No. 01C01-97080-CC-00328, 1998 Tenn. Crim. App. LEXIS 1108, at *9-10 (Tenn. Crim. App. Oct. 23, 1998, at Nashville), perm. to app. denied (Tenn. 1999).

John C. Tomlinson v. State, No. M2001-02152-CCA-R3-CO, 2002 WL 1400051, at *3 (Tenn. Crim. App. June 28, 2002). Because the petition in the present case failed to allege facts that would justify relief, the petitioner was not entitled to a hearing or the appointment of counsel, either in the trial court or on appeal. See also John H. Williams, Jr. v. Kevin Myers, Warden, No. M2002-00855-CCA-R3-CO, 2002 WL 31852857 (Tenn. Crim. App. Dec. 20, 2002), perm. to appeal denied (Tenn. May 12, 2003); State v. Charles Damien Darden, No. W2001-01833-CCA-R3-CD, 2002 WL 1482798 (Tenn. Crim. App. Feb. 12, 2002).

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the order of the trial court dismissing the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE