TuRLEy, J.
delivered the opinion of the court.
This appeal is prosecuted by William Teas to reverse a judgment of the Circuit Court of Humphreys, rendered against him on behalf of the State for an assault and battery, and the principal cause assigned for error, is, that the bill of indictment purports to be signed by the Solicitor General of the 7th solici-torial district, when there is no such officer known to the law. We have repeatedly held that a bill of indictment, to be good in law, must be signed by the proper officer appointed to prosecute on behalf of the State. This officer under our statutes is an Attorney General, we have no Solicitor General. Previous to the passage of the act of 1835, chap. 28, when solic-itorial districts were laid off by the Legislature, without regard to the circuit, the officer appointed to prosecute in behalf of the State in such district was a solicitor. But the.act of 1835, provides that each judicial circuit shall constitute a solicitorial district, for each of which an Attorney General shall be appointed in behalf of the State. Since this statute, then, there is no Solicitor General, and the signature of one purporting to be such an officer to a bill of indictment, gives no authority to it, and it is as inoperative as if it had not been signed at all. All documents required to be authenticated by the signature of public officers, must be certified by them in their public char *175 acter; a judge must authenticate the records of his.court; if he signs his name as Attorney General, the authentication is, a nullity. So an Attorney General must authenticate by his signature toa bill of indictment; if he signs his name as Solicitor General the indictment is a nullity.
Therefore the bill of indictment in this case is 'inoperative and void, and judgment rendered thereon must be reversed and arrested.