IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 7, 2017

**JIMMY L. SMITH v. MIKE PARRIS, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 17-CR-10357   R. Lee Moore, Jr., Judge**

——————————————————

**No. W2017-00918-CCA-R3-HC**

——————————————————

Jimmy L. Smith, the Petitioner, filed a pro se Application for Writ of Habeas Corpus ("the petition"), claiming that his convictions in Counts 1 through 4 of Case Number 87F1868 are void because the Davidson County District Attorney General only signed Count 5 of the multi-count indictment. The Petitioner also claimed that his conviction in Count 2 was void because the judgment failed to state that he had been found guilty by a jury. The habeas corpus court summarily dismissed the petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Jimmy L. Smith, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; and Phil Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural Background**

The Davidson County Grand Jury indicted the Petitioner in September 1987 in case number 87F1868. The five-count indictment charged the Petitioner in Count 1 with Aggravated Kidnapping, Count 2 with Aggravated Rape, Counts 3 and 4 with Aggravated Sexual Battery, and Count 5 with Aggravated Robbery. The indictment was signed at the bottom of Count 5 by the Davidson County District Attorney General. Following a jury trial, the Petitioner was convicted of Counts 1 through 4 and ordered to

serve an effective 115-year sentence. The Petitioner was found not guilty of Count 5. The convictions and sentence were affirmed on appeal. *State v. Jimmy L. Smith*, No. 88-177-III, 1989 WL 51613, at *2 (Tenn. Crim. App. May 19, 1989), *perm. app. denied* (Tenn. Aug. 14, 1989).

On March 30, 2017, the Petitioner filed what he stated was his fifth application for writ of habeas corpus, claiming that the judgments in case number 87F1868 were void because the district attorney general failed to sign each page of the indictment and because the judgment of conviction for Count 2 failed to state that he was convicted by a jury.[1] Following the summary dismissal of his petition, the Petitioner timely appealed.

**Analysis**

On appeal, the Petitioner claims that the habeas corpus court erred in holding that the district attorney general is not required to sign each count of the indictment and that his judgment in Count 2 was not void. The State avers that the habeas corpus court properly dismissed the petition because the petition failed to state a cognizable claim. We agree with the State.

Habeas corpus relief may only be granted in limited circumstances. *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008). Unlike petitions for post-conviction relief, "the purpose of the habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsome v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). A petitioner bears the burden of establishing by a preponderance of the evidence that a judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus petition may be summarily dismissed without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109). "Whether habeas corpus relief should be granted is a question of law[,]" which we review de novo. *Edwards*, 269 S.W.3d at 919.

---

[1] None of the four prior applications were attached to the petition.

*Signing the Indictment*

An indictment "must be signed by the proper officer appointed to prosecute on behalf of the state." *Teas v. State*, 26 Tenn. 174, 174 (1846). The signature may be at the conclusion of the indictment or elsewhere if the signature "show[s] that it is intended to cover all the counts contained therein[.]" *State v. Lockett*, 50 Tenn. 274, 275 (1871). This court has consistently held that signing the last page of a multicount indictment is sufficient. *See, e.g., Timothy R. Bowles v. State*, No. M2003-01740-CCA-R3-PC, 2004 WL 1656476, at *4 (Tenn. Crim. App. July 23, 2004) (concluding that the indictment was not invalid where the district attorney general only signed at the bottom of the last page of a six-page, six-count indictment), *perm. app. denied* (Tenn. Dec. 20, 2004); *James L. Feenin v. Kevin Myers*, No. M2002-01770-CCA-R3-CO, 2003 WL 1872646, at *2 (Tenn. Crim. App. Apr. 11, 2003) (concluding that the indictment was not defective where the district attorney general only signed at the bottom of the last page of a three-page, three-count indictment), *perm. app. denied* (Tenn. Oct. 13, 2003).

In 2011, the Petitioner filed a prior application for writ of habeas corpus and argued that his convictions in Counts 1 through 4 were void because the district attorney general only signed the last page of the indictment. *Jimmy L. Smith v. Henry Steward,* No. W2012-00708-CCA-R3-HC, 2012 WL 4120478, at *1 (Tenn. Crim. App. Sept. 19, 2012), *perm. app. denied* (Tenn. Feb. 12, 2013). The habeas corpus court summarily dismissed the petition, and the Petitioner appealed. *Id.* In affirming the dismissal, this court held that "while a signature [on the indictment] is required, it is 'not necessarily required to be on each count of an indictment.'" *Id.* at *3 (quoting *James E. Martin v. Howard Carlton,* No. 03C01-9807-CR-00253, 1999 WL 360147, at *3 (Tenn. Crim. App. June 7, 1999))

"'[U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal.'" *State v. Willis*, 496 S.W.3d 653, 743 (Tenn. 2016) (quoting *Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998)). We conclude that the facts supporting the Petitioner's claim regarding the signing of the indictment are substantially the same as the facts that this court addressed in the prior appeal and that this court's prior ruling is binding in this appeal. Accordingly, the Petitioner's claim is barred by the law of the case doctrine. *See id.* at 743-44. Moreover, the Petitioner's claim that a district attorney general must sign each page of an indictment is otherwise without merit. *See Timothy R. Bowles*, 2004 WL 1656476, at *4.

*Clerical Error on the Judgment in Count 2*

The judgment form used at the time of the Petitioner's convictions contained a paragraph, which before the blanks were filled in, provided:

On the _____ day of _____, 19__, the defendant having (pled guilty) or (been found guilty) (by jury verdict) or (bench trial) or (entered a plea of nolo contendere), (to) (of) the offense of _____ committed on (date) _____ the defendant is convicted of the same _____ which (is) (is not) a felony.

On the judgment forms for Counts 1, 3, and 4, "(pled guilty)" was struck through so that the judgment read in pertinent part ". . . the defendant having (been found guilty) (by jury verdict) . . . ." On the judgment form for Count 2, both "(pled guilty)" and "(been found guilty)" were struck through. This is obviously a clerical error. "Clerical errors 'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015) (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011)).

Even with the clerical error, the verdict form clearly shows that the Petitioner had a jury trial and that the offense for which he was convicted in Count 2 was Aggravated Rape. The clerical error on the verdict form does not void the conviction or strip the trial court of jurisdiction.

*Failure to Attach Prior Applications*

The Petitioner has failed to comply with the procedural requirements of Tennessee Code Annotated section 29-21-107, which provides in pertinent part: "(b) The petition shall state[] . . . [t]hat it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." Tenn. Code Ann. § 29-21-107(b)(4). The procedural requirements for the filing of a habeas corpus petition are mandatory and must be strictly followed. *See Archer*, 851 S.W.2d at 165.

Concerning his prior petitions, the Petitioner provided the following explanation:

5. [The] Petitioner has filed four previous petitions for habeas corpus relief. See Order Denying Petition For Writ of Habeas Corpus Filed May 18, 2015[,] annexed hereto. He states, however, that the basis of the

present petition is different from any other of the petitions he has filed. This is the first application of the writ specifically alleging a federal constitutional claim and the specific state law claims. [The] Petitioner allege[s] these claims are cognizable Tennessee Habeas Corpus claims.

The Petitioner failed to include copies of the four prior applications for writ of habeas corpus. The Petitioner's explanation, quoted above, does not provide a satisfactory reason for not including the prior applications. The Petitioner's failure to comply with the procedural requirements is yet another basis for affirming the habeas corpus court's summary dismissal of the petition. *Id.*; *State ex rel. Allen v. Johnson*, 394 S.W.2d 652, 653 (1965).

## Conclusion

The habeas corpus court properly dismissed the petition for failure to state a cognizable claim. The judgment of the habeas corpus court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE