IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 15, 2020

## ANTHONY TODD GHORMLEY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Trousdale County**
**No. 2019-CV-4761  John D. Wootten, Jr., Judge**

_____

### No. M2019-01233-CCA-R3-HC

_____

In 2009, a Blount County jury convicted the Petitioner, Anthony Todd Ghormley, of two counts of attempted first degree murder, one count of especially aggravated kidnapping, two counts of especially aggravated burglary, and three counts of aggravated assault. The trial court sentenced the Petitioner to an effective sentence of 105 years. *See State v. Anthony Todd Ghormley*, No. E2010-00634-CCA-R3-CD, 2012 WL 171940, at *1 (Tenn. Crim. App., at Knoxville, Jan. 20, 2012), *no perm. app. filed*. On March 13, 2019, the Petitioner filed a petition for writ of habeas corpus, alleging that his indictment was void because it failed to include the requisite level of *mens rea* for the charged offenses and that the affidavit of complaint had been improperly amended. The habeas corpus court summarily dismissed the petition because the Petitioner failed to state a colorable claim. On appeal, the Petitioner maintains his claims and argues that the trial court improperly dismissed his petition. After review, we affirm the habeas corpus court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J. and ALAN E. GLENN, J., joined.

Anthony Todd Ghormley, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; and Tom P. Thompson, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts and Procedural History

This case arises from the Petitioner's attack on three women on September 17, 2007. This court summarized the background of this case as follows:

> The proof at trial showed that on September 17, 2007, [the Petitioner] and his wife, Karen Van Dyke, had an argument while they were at the home of Gaynell Head, Van Dyke's grandmother. [The Petitioner] returned to his residence, and Van Dyke remained at Head's home, spending the night with Head and Candy Bussey, Van Dyke's cousin. Early in the morning of the next day, while the women were asleep, [the Petitioner] returned to the home. He forced his way through the locked front door and attacked the three women. He struck them each repeatedly with a baseball bat and cut them with a knife. Van Dyke escaped by jumping out a window, and she called police from a neighbor's house. Bussey fled out the front door, which [the Petitioner] had blocked with a chair to prevent entry into the house. When police arrived, [the Petitioner] took Head hostage and locked himself in the bathroom. After a standoff that lasted several hours, [the Petitioner] surrendered and was arrested.

*Ghormley*, 2012 WL 171940, at *1. The jury convicted the Petitioner of two counts of attempted first degree murder, one count of especially aggravated kidnapping, two counts of especially aggravated burglary, and three counts of aggravated assault. *Id.* The trial court sentenced the Petitioner to an effective sentence of 105 years. *Id.*

On direct appeal, the Petitioner argued that the trial court erred by refusing to conduct a competency hearing or reset the trial when his competency to stand trial was questioned two weeks before the trial date. *Id.* at *1. The Petitioner also claimed that the trial court erred by allowing him to represent himself for several months during the pretrial proceedings and by allowing the State to amend the indictment on the first day of trial. *Id.* This court held that the trial court erred by not holding a hearing to determine the Petitioner's competency to stand trial and remanded the case for a retrospective competency hearing. *Id.* at *4-5. This court noted that if the trial court determined that the Petitioner was competent at the time of trial, then the trial court's failure to hold the hearing was harmless error; however, if the trial court determined that the Petitioner was not competent at the time of trial, then the trial court was required to vacate the judgments and grant a new trial. *Id.* at *5. As to the Petitioner's remaining issues, this court concluded that he was not entitled to relief. *Id.* at *6-9.

Upon remand, the trial court ruled that the Petitioner was competent at the time of trial. The Petitioner challenged the trial court's ruling, and this court affirmed the judgment of the trial court. *State v. Anthony Todd Ghormley*, No. E2013-01392-CCA-

- 2 -

R3-CD, 2014 WL 5699517, at *1 (Tenn. Crim. App., at Knoxville, Nov. 5, 2014), *perm. app. denied*, (Tenn. Feb. 19, 2015).

On February 3, 2014, the Petitioner filed a writ of error coram nobis, asserting that there was newly discovered evidence. The coram nobis court denied relief, finding that none of the Petitioner's assertions qualified as newly discovered evidence. This court affirmed the coram nobis court's denial. *See Anthony Todd Ghormley v. State*, No. E2014-00363-CCA-R3-ECN, 2014 WL 7010774, at *1 (Tenn. Crim. App, at Knoxville, Sept. 12, 2014), *perm. app. denied* (Tenn. Feb. 19, 2015).

On February 22, 2016, the Petitioner filed a *pro se* petition for post-conviction relief, claiming that he received the ineffective assistance of counsel and that the trial judge was biased against him. After a hearing, the post-conviction court denied relief and, on appeal, this court affirmed the post-conviction court's denial. *See Anthony Todd Ghormley v. State*, No. E2018-01625-CCA-R3-PC, 2019 WL 6048908, at *1 (Tenn. Crim. App., at Knoxville, Nov. 15, 2019), *no perm. app. filed*.

On March 13, 2019, the Petitioner filed a petition for a writ of habeas corpus, alleging that his indictment was void because it failed to include the requisite level of *mens rea* for the charged offenses and that the "affidavit of complaint" had been improperly amended, "then used at trial . . . making the entire trial unfair." He did not include with his petition copies of the challenged indictments, the original affidavit of complaint, or the amended affidavit of complaint. The habeas corpus court summarily dismissed the petition, finding that the Petitioner had failed to state a colorable claim. Additionally, the habeas corpus court noted that the Petitioner had challenged his indictments on direct appeal and that the appellate court had found no defect in the indictments. As to the affidavit of complaint, the habeas corpus court found that any issue with the initial arrest warrant had been resolved by the return of the indictment. It is from this judgment that the Petitioner appeals.

## II. Analysis

On appeal, the Petitioner asserts that his indictment was defective because it did not include the requisite *mens rea* and that the State "illegally amended" the affidavit of complaint. The State responds that the habeas corpus court properly dismissed the petition. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus

relief should be granted is a question of law and is accordingly given *de novo* review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer*, 851 S.W.2d at 165. The formal requirements for a petition for a writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> > (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
> >
> > (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

- 4 -

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas court may dismiss a petition for habeas corpus relief that fails to comply with these procedural requirements. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004).

It is also permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superseded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar.11, 1998), *no perm. app. filed.*; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

The Petitioner has failed to prove, by a preponderance of the evidence, that the judgments are void or that his sentence has expired. The Petitioner asserts that the indictment did not include an element of the crime, the *mens rea*. The Petitioner, however, did not include in the record a copy of the indictment leading to his restraint or provide a satisfactory reason for its absence. *See* T.C.A. § 29-21-107(b)(2). As previously stated, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed, *Archer*, 851 S.W.2d at 165, and the failure to comply with statutory requirements for relief provides a proper basis for dismissal of the petition, *State ex rel. Allen v. Johnson*, 394 S.W.2d 652, 653 (Tenn. 1965).

The Petitioner also asserts that the State "illegally" amended the affidavit of complaint rendering his trial unfair. The Petitioner, however, did not attach the affidavit of complaint.[1] As such, he has failed to carry his burden with respect to this claim. Moreover, we agree with the habeas corpus court's conclusion in its order dismissing the petition that, even assuming the Petitioner's claim was true, "the sufficiency of the

---

[1] In the petition, the State's motion to amend the affidavit of complaint is referenced and in parentheticals it reads "See attached copy of the motion." There is no such motion attached to the petition in the technical record.

affidavit of complaint and resultant arrest warrant are foreclosed by the finding of an indictment." *See State v. Donnie Joe Hensley*, No. E2005-01444-CCA-R3-CD, 2006 WL 2252736, at *8 (Tenn. Crim. App., at Knoxville, Aug. 7, 2006) (quoting *State v. Campbell*, 641 S.W.2d 890, 893 (Tenn. 1982)), *perm. app. denied* (Tenn. Oct. 30, 2006).. Accordingly, the Petitioner is not entitled to relief.

### III. Conclusion

After a review of the record and relevant authorities, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE